UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MOSE HOLLINS**                                                                        **PLAINTIFF**

VS.                         Case No. 5:24-cv-24-DCB-LGI

**WILKINSON COUNTY SCHOOL
DISTRICT and SHEMEKIA RANKIN, individually**                  **DEFENDANTS**

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1.      The Plaintiff, Mose Hollins, sues Defendants, Wilkinson County School District (the "School District") and Shemekia Rankin, individually, pursuant to the Family Medical Leave Act ("FMLA") for interference and retaliation.

2.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 2617(a)(2).

3.      Venue is proper within this Court pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant period subject to this Complaint, Defendants maintained a business operation within this district, and/or a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction.

4.      The purpose of the FMLA is to permit, employees like Plaintiff, to take up to twelve (12) weeks of leave because of a serious health condition that made the employee unable to perform the functions of their position without losing their employment. 29 U.S.C. § 2601(b)(2).

5.      Plaintiff worked for Defendants in Wilkinson County, Mississippi from on or about January 4, 2021, to November 9, 2023.

6.      On or about September 14, 2023, Plaintiff experienced an unforeseen serious health condition while at work which required medical leave from work.

7.     Defendants were aware that Plaintiff needed time off, as Plaintiff provided notice to Defendants as soon as was practicable under the facts and circumstances of his serious health condition, which involved continuing treatment by a healthcare provider.

8.     Defendant, the School District, is headquartered in Woodville, Wilkinson County, Mississippi.

9.     Defendant, Shemekia Rankin, is the Superintendent of the School District.

10.     Ms. Rankin is individually liable as an "employer" under the FMLA in that she was a person who acted, directly or indirectly, in the interest of an employer per 29 C.F.R. § 825.104(d) and 29 U.S.C. § 2611(4)(A).

11.     Defendants did not post any DOL forms informing Plaintiff of his rights under the FMLA.

12.     Plaintiff provided notice to the Defendants of his serious health condition with a doctor's note on September 14, 2023, the same day he first experienced his illness while at work.

13.     Defendants did not notify Plaintiff of his FMLA at any time after September 14, 2023, or before he was terminated on November 9, 2023.

14.     Defendant Rankin personally traveled to Plaintiff's doctor's office to question Plaintiff's medical provider about Plaintiff's health condition.

15.     Defendant Rankin's conduct in this regard violated Plaintiff's protected rights per 29 C.F.R. § 825.307.

16.     Plaintiff provided updates regarding his health condition to Defendants on September 28, 2023, and October 19, 2023.

17.     Defendants never requested medical certification from Plaintiff, nor did Defendants provide notice of insufficient certification or question the authenticity of the certification.

18.     Defendants notified Plaintiff of his termination via a letter dated November 9, 2023, and signed by Defendant Rankin.

19.     Defendants instructed Plaintiff to come to the office to pick up his termination letter.

20.     The termination letter from Defendants to the Plaintiff erroneously stated that the Plaintiff's absence from duty hindered the daily operations of the School District.

21.     Defendants' proffered reason for the termination failed to meet the substantial and grievous economic criteria as required by 29 C.F.R. § 825.218.

22.     Furthermore, Defendants did not hire anyone to replace Plaintiff, which undermines Defendants' suggestion that Plaintiff's termination was necessary and urgent.

23.     Given that Plaintiff provided Defendants with notice on September 14, 2023, Plaintiff was entitled to 12 weeks of protected FMLA leave until at least December 7, 2023.

24.     Defendants' termination of Plaintiff on November 9, 2023, was a violation of the FMLA.

25.     Defendants employ more than fifty (50) employees.

26.     Plaintiff worked more than 1250 hours in the 12 months preceding the need for FMLA leave.

27.     Plaintiff was eligible for FMLA leave.

28.     Defendants failed to timely provide Plaintiff FMLA notice.

29.     Defendants retaliated against Plaintiff when he exercised his rights under the FMLA.

30.     Defendants willfully violated the FMLA.

31.     Defendants acted in reckless disregard of the FMLA.

32.     Defendants are estopped from alleging that Plaintiff was not entitled to

FMLA leave.

## COUNT I – FMLA INTERFERENCE

33.     Plaintiff reincorporates paragraphs 1 through 32 as if fully stated herein.

34.     Plaintiff notified Defendants that he needed time off leave because of a serious health condition that rendered him unable to perform the functions of his position.

35.     Notwithstanding, adequate notice that Plaintiff needed FMLA leave, Defendants terminated Plaintiff.

36.     Defendants interfered with Plaintiff's FMLA rights by not timely providing his notice of rights.

37.     Defendants interfered with Plaintiff's FMLA rights when Defendant Rankin made a personal visit to Plaintiff's health care provider to inquire about Plaintiff's health condition and his need for medical leave.

38.     Defendants interfered with Plaintiff's FMLA rights by not requesting medical certification from Plaintiff, providing notice of insufficient certification, questioning the authenticity of the certification, or providing Plaintiff sufficient time to cure any deficient medical certification.

39.     Plaintiff was terminated while on protected leave due to Defendants' repeated failures and refusals to adhere to the relevant rules governing the administration of FMLA.

Wherefore, Plaintiff demands a trial by jury, judgment, back pay and benefits, liquidated damages with interest calculated at the prevailing rate, correction of his personnel file to indicate that he was not terminated for cause but terminated in violation of the FMLA, proper posting of DOL Wage & Hour posters at all of the Defendants' places of employment, FMLA training for all human resource and managerial staff, notice of this

case to all employees of the Defendants so that such employees are aware of the Defendants' violative conduct, and attorneys' fees and costs.

## COUNT II – FMLA RETALIATION

40.     Plaintiff reincorporates paragraphs 1 through 32 as if fully stated herein.

41.     On September 14, 2023, Defendants learned from Plaintiff that he had a serious health condition.

42.     Despite Plaintiff providing periodic updates regarding his health condition and possible return to work dates, Defendants never notified Plaintiff of his FMLA rights.

43.     Defendant terminated Plaintiff on November 9, 2023, because he exercised his rights under the FMLA.

Wherefore, Plaintiff demands a trial by jury, judgment, back pay and benefits, liquidated damages with interest calculated at the prevailing rate, correction of his personnel file to indicate that he was not terminated for cause but terminated in violation of the FMLA, proper posting of DOL Wage & Hour posters at all of the Defendants' places of employment, FMLA training for all human resource and managerial staff, notice of this case to all employees of the Defendants so that such employees are aware of the Defendants' violative conduct, and attorneys' fees and costs.

This 13th day of March 2024,

RESPECTFULLY SUBMITTED,

MOSE HOLLINS

BY: _____

CHRISTOPHER W. ESPY, MSB #102424

OF COUNSEL:

CHRISTOPHER W. ESPY, MSB #102424

**ESPY LAW, PLLC**
320A Edgewood Terrace Drive
Jackson, Mississippi 39206
Telephone: (601) 812-5300
Facsimile: (601) 812-6266
Email: chris@espylaw.com

AAFRAM Y. SELLERS, MSB #100261
**SELLERS & ASSOCIATES**
395 Edgewood Terrace Drive
Jackson, Mississippi 39206
Telephone: (601) 352-0102
Facsimile: (601) 956-6719
Email: aafram@sellerslawfirm.net

**ATTORNEYS FOR PLAINTIFFS**

STATE OF MISSISSIPPI
COUNTY OF WILKINSON

     I, Mose Hollins declare under the penalty of perjury, pursuant to 28 U.S.C. §1746 that

the factual allegations in this Complaint are true and correct based on my personal

knowledge.


_____
MOSE HOLLINS, PLAINTIFF


03/11/2024
_____
DATE