UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOSE HOLLINS                                                                        PLAINTIFF

VS.                                                        Case No. 5:24-cv-00024-DCB-LGI

WILKINSON COUNTY SCHOOL
DISTRICT and SHEMEKIA RANKIN, Individually            DEFENDANTS

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Mose Hollins, sues Defendants, Wilkinson County School District (the "School District") and Shemekia Rankin, individually, pursuant to the Family Medical Leave Act ("FMLA") for interference and retaliation and the Americans with Disabilities Act, as amended ("ADAAA") for disability discrimination, failure to accommodate, and retaliation.

JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a).

3. Venue is proper within this Court pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant period subject to this Complaint, Defendants maintained a business operation within this district, and/or a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction.

PARTIES

4. Plaintiff, Mose Hollins, is an adult resident of Woodville, Wilkinson County, Mississippi.

1

5. Defendant, Wilkinson County School District, is a public school district headquartered in Woodville, Wilkinson County, Mississippi.

6. Defendant, Shemekia Rankin, is the Superintendent of the Wilkinson County School District and is sued in her individual capacity.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 18, 2023. The EEOC issued Plaintiff a Notice of Right to Sue dated May 13, 2024. This action is filed within 90 days of Plaintiff's receipt of the Notice. The Charge of Discrimination and Notice of Right to Sue are attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendants in Wilkinson County, Mississippi from on or about January 4, 2021, to November 9, 2023, as a Maintenance Technician. His annual salary was approximately $45,000.

9. On or about September 14, 2023, Plaintiff experienced dizziness while at work due to a serious health condition, namely severe aortic stenosis. He informed Superintendent Shemekia Rankin of his condition that same day.

## FMLA FACTUAL ALLEGATIONS

10. On September 14, 2023, Plaintiff saw his doctor and provided Defendants with a note indicating he was under doctor's care and would need to be out for two weeks to undergo further heart-related testing.

11. On September 28, 2023, Plaintiff provided another doctor's note stating

he was under care for "cardiology follow up" from September 28 to October 11, 2023, and would return to work on October 12, 2023.

12. On or about October 19, 2023, Plaintiff provided a third doctor's note stating he had been under care from September 12 to November 14, 2023 and would return to work on November 15, 2023.

13. Despite this, Defendants terminated Plaintiff's employment on November 9, 2023, allegedly for "excessive absenteeism" and "job abandonment."

14. The Wilkinson County School District's own handbook states that it "adheres to a policy of non-discrimination in educational programs/activities and employment, and strives affirmatively to provide equal opportunity for students and staff," and specifically references the Americans with Disabilities Act (ADA) as one of the federal laws with which it complies.

15. The School District's handbook also states that an employee shall be considered to have abandoned their position and resigned only after four consecutive days of unauthorized absence without informing their supervisor. However, Plaintiff provided regular updates and doctor's notes, making it clear that his absence was not unauthorized and did not constitute job abandonment under Mississippi statutes §37-9-55, §37-3-2(Q), and §37-9-57, which are cited in the handbook.

16. Furthermore, the School District's progressive discipline policy for offenses such as excessive absenteeism outlines a four-step process, starting with a written warning and escalating to a recommendation for termination only as a fourth offense. The School District failed to follow its own policy, skipping directly to

termination without any prior warnings or lesser disciplinary actions.

17. Defendants employ more than fifty employees and are covered by the FMLA.

18. Plaintiff worked more than 1,250 hours in the 12 months preceding his need for FMLA leave and was an eligible employee.

19. Defendants failed to notify Plaintiff of his FMLA rights at any time after learning of his serious health condition.

20. Defendant Rankin violated Plaintiff's FMLA rights by personally traveling to his doctor's office to question the medical provider about Plaintiff's health condition, per 29 C.F.R. § 825.307.

21. Defendants never requested medical certification from Plaintiff, nor provided notice of insufficient certification or questioned the certification's authenticity.

22. Defendants' stated reason for termination failed to meet the substantial and grievous economic criteria required to deny reinstatement under 29 C.F.R. § 825.218.

23. Defendants did not hire anyone to replace Plaintiff, undermining their claim that termination was necessary and urgent.

24. Based on Plaintiff's notice to Defendants on September 14, 2023, he was entitled to 12 weeks of FMLA leave protection until at least December 7, 2023.

25. Defendants' termination of Plaintiff on November 9, 2023 while on protected leave violated the FMLA and constituted both interference and retaliation.

4

## ADAAA FACTUAL ALLEGATIONS

26. Plaintiff's severe aortic stenosis constituted an actual disability under the ADAAA as it substantially limited major life activities such as working, walking, standing, and lifting. 42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2(g)(1)(i).

27. The medical documentation Plaintiff provided to Defendants established a record of an impairment that substantially limited major life activities. 42 U.S.C. § 12102(1)(B); 29 C.F.R. § 1630.2(k).

28. Defendants perceived and regarded Plaintiff as disabled after learning of his heart condition, need for surgery, and request for medical leave. 42 U.S.C. § 12102(1)(C); 29 C.F.R. § 1630.2(l).

29. Plaintiff was qualified to perform the essential functions of his Maintenance Technician position with or without reasonable accommodation. 42 U.S.C. § 12111(8).

30. Plaintiff requested the reasonable accommodation of medical leave to undergo surgery and recover. 29 C.F.R. § 1630.2(o)(1)(ii). Defendants failed to engage in the interactive process in good faith. 29 C.F.R. § 1630.2(o)(3).

31. Instead of accommodating Plaintiff, Defendants terminated his employment based on disability and in retaliation for requesting an accommodation, violating the ADAAA. 42 U.S.C. § 12112(a), (b)(5)(A).

32. The ADAAA violations were willful. Defendants acted with reckless disregard for Plaintiff's federally protected rights, despite their own handbook's acknowledgment of the ADA and commitment to non-discrimination in employment.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer loss of income and benefits, emotional distress, mental anguish, humiliation, loss of enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I - FMLA INTERFERENCE

34. Plaintiff reincorporates paragraphs 1 through 33.

35. Defendants interfered with Plaintiff's FMLA rights by failing to timely provide notice of rights, questioning his medical provider directly, failing to request certification or provide notice of deficiencies, and terminating him while on protected leave.

### COUNT II - FMLA RETALIATION

36. Plaintiff reincorporates paragraphs 1 through 33.

37. Defendants retaliated against Plaintiff by terminating his employment on November 9, 2023, for exercising his FMLA rights.

### COUNT III - ADAAA DISCRIMINATION / FAILURE TO ACCOMMODATE

38. Plaintiff reincorporates paragraphs 1 through 33.

39. Plaintiff had a disability, record of disability, and was regarded as disabled. He was qualified to perform his job's essential functions with reasonable accommodation of medical leave, which he requested.

40. Defendants failed to accommodate Plaintiff and instead terminated his employment on the basis of disability and in retaliation for requesting an accommodation, violating the ADAAA.

## COUNT IV - ADAAA RETALIATION

41. Plaintiff reincorporates paragraphs 1 through 33 and 38 through 40.

42. Plaintiff engaged in protected activity under the ADAAA by requesting a reasonable accommodation. Defendants retaliated by terminating his employment.

43. A causal connection exists between the protected activity and adverse action, establishing retaliation in violation of the ADAAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

44. Back pay, front pay, lost benefits, and other economic damages;

45. Compensatory damages;

46. Liquidated damages under the FMLA;

47. Punitive damages under the ADAAA;

48. Attorneys' fees and costs;

49. Pre- and post-judgment interest;

50. Injunctive relief including training and notice to employees;

51. An order requiring Defendants to adhere to their own stated policies on non-discrimination, job abandonment, and progressive discipline; and

52. Such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

This the 24th day of June.

        **RESPECTFULLY SUBMITTED,**

        **MOSE HOLLINS**


        BY: */s/ Christopher W. Espy*
        **CHRISTOPHER W. ESPY, MSB #102424**

OF COUNSEL:

CHRISTOPHER W. ESPY, MSB #102424
**ESPY LAW, PLLC**
320A Edgewood Terrace Drive
Jackson, Mississippi 39206
Telephone: (601) 812-5300
Facsimile: (601) 812-6266
Email: chris@espylaw.com

AAFRAM Y. SELLERS, MSB #100261
**SELLERS & ASSOCIATES**
395 Edgewood Terrace Drive
Jackson, Mississippi 39206
Telephone: (601) 352-0102
Facsimile: (601) 956-6719
Email: aafram@sellerslawfirm.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such to the following:

>William R. Allen
>Kevin J. White
>Allen, Allen, Breeland and Allen, PLLC
>214 Justice Street
>P.O. Box 751
>Brookhaven, Mississippi 39601
>wallen@aablegal.com
>kwhite@aabelegal.com

This the 24th day of June, 2024.

>*/s/ Christopher W. Espy*
>CHRISTOPHER W. ESPY, MSB #102424